United States District Court
Southern District of Texas
**ENTERED**
November 03, 2016
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS LEE EVANS, | § | |
| TDCJ No. 435211 | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-CV-03658 |
| | § | |
| LORI DAVIS, | § | |
| Director of the Texas Department of | § | |
| Criminal Justice - Correctional | § | |
| Institutions Division, | § | |
| *Respondent*. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Thomas Lee Evans, a Texas state inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction for aggravated sexual assault. Dkt. 1. The case was referred to this magistrate judge by District Judge Lynn N. Hughes. Dkt. 5. Respondent filed a motion for summary judgment. Dkt. 16. After reviewing the record and the briefing, the Court recommends that the petition be dismissed with prejudice as time-barred.

## BACKGROUND

Evans pleaded not guilty to charges of aggravated sexual assault, but was found guilty by the jury at trial. Dkt 18-2 at 36. On October 23, 1986, he was sentenced to 99 years of confinement and a fine of $1000. *Id.* at 40. Post-trial, Evans sought appointed counsel for his appeal, but the trial court ruled that Evans was not indigent. *See* Dkt. 19-9 at 1-2. The appeals court found error and directed the trial court to appoint counsel for appeal. *Id.* at 2-3. Evans' conviction was

affirmed on appeal by the Ninth Court of Appeals on November 2, 1988. Dkt. 19-4 at 1, 20-2 at 1-3.

Evans filed a pro se state habeas petition on or about September 22, 2014.[1] Dkt. 20-19 at 68. The petition was denied without a hearing on August 19, 2015. Dkt. 20-16. Evans then filed this federal habeas petition on December 2, 2015. Construing the petitions liberally, Evans asserts two main claims: (1) error in the state habeas proceeding and (2) ineffective assistance of appellate counsel for failing to raise various issues on appeal. The Director moves to dismiss on grounds that the former claims are not cognizable, and the latter claims are time-barred.

## ANALYSIS

*Error in the State Habeas Proceeding is Not Cognizable.*

In the Fifth Circuit, courts cannot grant habeas corpus relief to correct alleged errors in state habeas proceedings, as "infirmities in state habeas proceedings do not constitute grounds for relief in federal court*." Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997). "[E]rrors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief." *Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir.

---

[1] The filing stamp reads October 29, 2014, but the signature on the application reads September 22, 2014. The earlier date has been used because the Fifth Circuit held that the prisoner mailbox rule applies to federal habeas proceedings. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The result is the same regardless of which date is used.

1995) ("errors in a state habeas proceeding cannot serve as a basis for setting aside a valid original conviction").

Evans alleges the state habeas court erred in holding a hearing without his presence. Because federal habeas relief is unavailable for such a claim, it should be dismissed.

*Evans' Petition is Time-Barred Under the AEDPA*

Evans' petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, a habeas petition filed by a person in state custody is subject to a one-year period of limitations which runs from the latest of:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioners whose claims would otherwise be time-barred prior to the effective date of AEDPA have "one year after the April 24, 1996 effective date of AEDPA" in which to file a § 2254 petition for collateral relief. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998).

Evans' claims of ineffective assistance of counsel on appeal are not premised on a new constitutional right, and he was not barred from filing his petition by state action. Evans has asserted no valid reason to explain why he could not discover the factual predicate of his claims earlier.[2] His claims do not trigger any of the conditions set forth in (B) through (D). Thus, the one-year period began running on April 24, 1996 and expired on April 25, 1997, absent any grounds for tolling.

AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, the petitioner bears the burden of showing: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Equitable tolling, however, should apply only in "rare and exceptional circumstances." *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999).

---

[2] Ignorance of the law does not qualify a petitioner for tolling; *see infra*. Evans bases his claims on two new affidavits and a letter, all of which could have been obtained or sent much earlier in his prison sentence.

Construing the petition liberally, the Court understands Evans to contend that he is entitled to equitable tolling on his claims of ineffective counsel on appeal because (1) he was untrained in the law at the time his sentence began and (2) he is actually innocent. *See* Dkt. 1 at 9; Dkt. 3 at 4-5.

Under Fifth Circuit precedent, Evans' inexperience with the law cannot qualify him for equitable tolling. "Lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations." *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008) (citing *Turner*, 177 F.3d at 392).

A claim of actual innocence can justify tolling, but the standard is high. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). However, the petitioner must persuade the court that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). A petitioner's unjustifiable delay is a factor to consider in determining the reliability of an actual innocence claim. *Id.*

Evans argues that his new evidence would show (1) an error in presenting the vocational status of a prison eye clinic supervisor who matched Evans' prescription to the glasses at the scene and (2) the inconclusiveness of the hair and DNA tests presented at trial. For the first claim, Evans contacted an optician in 2009, and received his affidavit in 2010, over 23 years after his conviction.

Dkt. 20-17 at 33. He also wrote to Texas Medical Board to ask about the clinic supervisor's status as an ophthalmologist in 2014, and presents the resulting letter as new evidence. Dkt. 20-20 at 27.

Evans does not explain why he could not obtain this evidence until over 23 years beyond his conviction, or why it took him an additional four years to obtain the Texas Medical Board letter. His delay is not justifiable, and even if some justification was offered, it does not establish that no reasonable jury could find Evans guilty beyond a reasonable doubt. The trial record reveals that the witness was introduced to the jury as "the supervisor of the Walls Clinic" who "run[s] the eye clinic there dispensing glasses," and not as an ophthalmologist. Dkt. 20-10 at 23. Thus, with or without this evidence, the jury was equipped to give appropriate weight to the testimony, and would still be able to find Evans guilty beyond a reasonable doubt.

The same holds true for the second affidavit challenging the DNA testing, hair testing, and crime scene handling before trial. Evans obtained this affidavit in 2008, over 21 years after his conviction. Dkt. 20-20 at 58. Moreover, the inconclusiveness of the tests at issue was presented at trial. *See* Dkt. 20-9 at 161 (semen test was inconclusive); *Id.* at 162, 176 (no hairs could be conclusively identified as those of Evans). Therefore, since the jury already heard that the hair and semen tests were inconclusive, the new evidence from the affidavit would not

change the guilty verdict. Since Evans' new evidence does not meet the *Schlup* actual innocence standard, tolling does not apply, and claims remain time-barred.

## CONCLUSION

For these reasons, the Court recommends that Evans' petitions be dismissed with prejudice. All remaining motions should be terminated as moot. The Court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72.

Signed at Houston, Texas, on October 25, 2016.

Stephen Wm Smith
United States Magistrate Judge